# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JASPER PERDUE,** | ) |
| Plaintiff, | ) |
| | ) Case No. 7:21CV00240 |
| v. | ) **ORDER** |
| **WARDEN STREEVAL, ET AL.,** | ) J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small> |
| Defendants. | ) |

In this prisoner civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the court has directed the clerk to attempt service of process on the defendant warden. However, the pro se plaintiff has also named as a defendant the "Medical Staff" at the prison where he was confined. *Bivens* provides an implied remedy against federal officials for monetary relief to remedy a constitutional violation in certain types of circumstances. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–56 (2017). "[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The plaintiff's allegations here, on the other hand, attempt to impose liability, collectively, on a group of medical staff members. He cannot prevail in this type of claim under *Bivens*.

For the stated reasons, it is **ORDERED** that all attempted claims against "Medical Staff" are DISMISSED without prejudice, and the clerk will terminate this defendant on the court's docket.

The plaintiff remains free to file an Amended Complaint, if he so desires, to name additional individual officials as defendants to this action if he also states specific facts about actions undertaken by each such defendant in violation of his constitutional rights.

ENTER: November 16, 2021

/s/ JAMES P. JONES
Senior United States District Judge